Appeal No. 15-14506-EE

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

GEORGIA TASMAN, LLC

Plaintiff-Appellant,

v.

NEIL EISNER

Defendant-Appellee.

---

On appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division

Civil Action No. 1:14-CV-02788-MHC

---

## REPLY BRIEF OF APPELLANT GEORGIA TASMAN, LLC

James P. Blum, Jr.
Georgia Bar No. 064525
**Beloin, Brown & Blum, LLC**
2250 Heritage Court
Suite 200
Atlanta, Georgia 30339
Phone:  770-850-1900
Fax:  770-850-1967
jblum@beloinlaw.com

Schuyler Elliott, Esq.
Georgia Bar No. 244002
The Mecca Building
2024 Beaver Ruin Road
Norcross, Georgia  30071
Phone:  (770) 209-7999
Fax:  (770) 209-0033
semecca@aol.com

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Appellant Georgia Tasman, LLC, under Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, certifies that the following is a complete list of the trial judge, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Georgia Tasman, LLC
2. Neil Eisner
3. Hon. Mark H. Cohen
4. Beloin, Brown & Blum, LLC
5. James P. Blum, Jr., Esq.
6. Schuyler Elliot, Esq.
7. Andersen, Tate & Carr, P.C.
8. Graham K. Brantley, Esq.
9. Robert D. Thomas, Esq.
10. Matthew Reeves, Esq.
11. Thomas T. Tate, Esq.

Georgia Tasman, LLC is a privately limited liability company. Georgia Tasman, LLC is wholly owned by Sherman Hill Holdings, LLC of Wyoming. Sherman Hill Holdings, LLC is then owned by Tiger and Mermaid Holdings Trust in Australia, and no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

**Contents**

TABLE OF CITATIONS ................................................................................ 4

ARGUMENT AND CITATION OF AUTHORITIES ................................... 5

I. Because the Finlay and Mize Case are Limited in their Application, the Language in the Promissory Note Does Not Take Precedence. ............................................................. 5

II. Whether there is a Causal Connection Between Lack of Notice and Appellant's Damages is a Jury Question. ............................................................................. 7

CONCLUSION .............................................................................................. 9

CERTIFICATION OF COMPLIANCE AND SERVICE ............................. 11

# TABLE OF CITATIONS

**Cases**

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598 (1970) ................................ 7

*Finlay v. Oxford Construction Company*, 139 Ga. App. 801, 230 S.E.2d 69 (Ga. App. 1976) ................................ 3

*Finlay*, 139 Ga. App. ................................ 3

*Grace v. Golden*, 206 Ga. App. 416, 425 S.E.2d 363 (Ga. App. 1992) ................................ 3

Heritage Creek Development Corp. v. Colonial Bank, 268 Ga. App. 369, 601 S.E.2d 842 (Ga. App. 2004) ................................ 5

*Howard v. Mortgage Electronic Registration Sys., Inc.*, No. 1:10-cv-1630-WSD, 2012 U.S. Dist. LEXIS 116366, 2012 WL 3582586, at *5-6 (N.D. Ga. Aug. 17, 2012) ................................ 6

*Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234 (11th Cir. 2001) ................................ 6, 7

*LSREF2 Baron, LLC v. Alexander SRP Apts.,* LLC, 15 F. Supp. 3d 1295, 1303-1304 (N.D. Ga. 2013) ................................ 6

*Mei Kuan Chen v. Wells Fargo Bank, N.A.,* 2014 U.S. Dist. LEXIS 25569 at n.1 (N.D. Ga. 2014) ................................ 5

*Mize v. Woodall*, 291 Ga. App. 349, 662 S.E.2d 178 (Ga. App. 2008) ................................ 3

## ARGUMENT AND CITATION OF AUTHORITIES

### I. Because the Finlay and Mize Case are Limited in their Application, the Language in the Promissory Note Does Not Take Precedence.

There can be little question that *Finlay v. Oxford Construction Company*, 139 Ga. App. 801, 230 S.E.2d 69 (Ga. App. 1976), and *Mize v. Woodall*, 291 Ga. App. 349, 662 S.E.2d 178 (Ga. App. 2008), cases upon which the Appellee's entire position rests, are limited in their application. Importantly, as the *Finlay* court stated, "[I]n respect to the *terms of the debt* or *interest*, or the *time for its payment*, if the note and mortgage contain conflicting provisions, the note will govern, as being the principal obligation." *Finlay*, 139 Ga. App. at 802, 230 S.E.2d at 69. The pre-foreclosure notice provisions contained in ¶17 of the Security Deeds in this case (R. Vol. II, Doc 55-3 at Pages 23 and 41) simply do not concern (1) *terms of the debt* or (2) *interest*, or (3) *the time for its payment*. In that those terms are not at issue in the case at bar, the Promissory Note does not take precedence and the express terms of the Security Deed should control thereby rendering the Appellee's foreclosure wrongful and requiring reversal of the Trial Court's decision. *See Grace v. Golden*, 206 Ga. App. 416, 425 S.E.2d 363 (Ga. App. 1992).

5

While the Appellee seeks refuge in a rarely cited 1913 case in an effort to avoid the limited application of *Finlay* and *Mize*, the case of *Linam v. Anderson*, 12 Ga. App. 735, 740, 78 S.E. 424, 427 (1913), contains the exact same limitation ("in respect to the terms of the debt or interest, or the time for its payment, if the note and mortgage contain conflicting provisions, the note will govern, as being the principal obligation"). This claim fails because the pre-foreclosure notice provisions of ¶17 of the Security Deeds do not address either the terms of the debt, interest, or the time for payment, and the arguments raised by the Appellee concerning *Linam* should be rejected.

The pre-foreclosure notice provisions of ¶17 of the Security Deeds provide specific notice which Eisner must give prior to exercising the power of sale contained in the Security Deeds. (R. Vol. II, Doc 55-3 at Pages 23 and 41). The Promissory Note contains no reference to Eisner's authority to conduct a foreclosure. (R. Vol. II, Doc 55-3 at 5-13). The Security Deed, on the other hand, provided Eisner with a legal interest in the Property and described the conditions under which Eisner was entitled to exercise that interest. (R. Vol. II, Doc 55-3 at Pages 14-49). While the Promissory Note contains a provision under which Eisner may accelerate the debt without notice, ¶17 of the Security Deeds is not an acceleration notice. It provides

the procedure Eisner must follow in exercising his right to conduct a nonjudicial foreclosure sale pursuant to the power of sale contained in the Security Deeds. (R. Vol. II, Doc 55-3 at Pages 23 and 41). Such a provision does not concern either the terms of the debt, interest, or the time for payment and thus the *Finlay* and *Mize* cases are inapposite.

## II. Whether there is a Causal Connection Between Lack of Notice and Appellant's Damages is a Jury Question.

Given the Georgia Tasman, LLC deposition testimony as quoted in Appellant's Brief at 23 (R. Vol. IV, Doc 56 at Pgs. 143-144 [lines 15 -13], as contrasted with the holding in *Heritage Creek Development Corp. v. Colonial Bank*, 268 Ga. App. 369, 601 S.E.2d 842 (Ga. App. 2004), there is at least a disputed question of material fact as to whether the end result in this case would have been different had the Appellee provided the notice which it was contractually obligated to provide prior to foreclosing. Compare *Mei Kuan Chen v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 25569 at n.1 (N.D. Ga. 2014) ("Plaintiff does not, for example allege that she would have been able to cure her default . . . .") (See attached Exhibit "A"). The testimony from Georgia Tasman, LLC on this point creates a disputed issue of material fact on the issue of causation which precludes

7

summary judgment for the Appellee and requires reversal of the Trial Court's decision.

Additionally, courts have held that where the damages in a wrongful foreclosure claim are "solely attributable" to the debtor's own actions in defaulting, then no wrongful foreclosure claim can lie. *See, e.g., Heritage Creek*, 601 S.E.2d at 844, 845 (holding that plaintiff failed to allege causation when its "alleged injury was solely attributable to its own acts or omissions both before and after the foreclosure"); *Howard v. Mortgage Electronic Registration Sys., Inc.*, No. 1:10-cv-1630-WSD, 2012 U.S. Dist. LEXIS 116366, 2012 WL 3582586, at *5-6 (N.D. Ga. Aug. 17, 2012). In the case at bar, however, Appellant's damages, in contrast, are not ***solely*** attributable to its default. There is no dispute that the Appellee failed to send the notice required by ¶17 of the Security Deed. Georgia Tasman's default on the loan, though a jury might determine that fact is possibly related to the Appellant's claimed injury, ***is not the sole cause*** and therefore the damage suffered by the Appellant was not "solely attributable" to the Appellant. *See, e.g., LSREF2 Baron, LLC v. Alexander SRP Apts.,* LLC, 15 F. Supp. 3d 1295, 1303-1304 (N.D. Ga. 2013).

Appellee's argument in its Brief (at Page 28) that the above evidence was belatedly brought to the Court's attention should be rejected. This

8

Court reviews a summary judgment ruling *de novo*, applying the same legal standards used by the district court. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234 (11th Cir. 2001). In conducting this examination, this Court views the materials presented and all factual inferences in the light most favorable to the nonmoving party. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598 (1970). There can be no question that the Appellant's deposition transcript was of record at the Trial Court level when Judge Cohen decided the matter. (R. Vol. III at Doc. 56, 56-1, and Vol. IV at 56-2, 56-3, and 56-4, and Vol. V at Doc. 56-5). There can further be no question that Appellant argued that the issue of causation was a jury question at the Trial Court level. (R. Vol. X, Doc 62 at Page 13). The Appellee's suggestion that this is a "newly asserted claim" should be rejected. Both the relevant evidence and the Appellant's past and current argument that the issue of causation is a jury question were placed before the Trial Court which then erred in granting Appellee's Motion for Summary Judgment.

## CONCLUSION

Neil Eisner failed to send a pre-foreclosure notice to borrower Georgia Tasman, LLC which notice was expressly required by the Security Deed between the parties. Given that failure combined with Georgia

9

Tasman, LLC's testimony that it could have cured the default had it been given the opportunity prior to foreclosure, the Trial Court's decision granting summary judgment to Neil Eisner should be reversed.

This 4th day of January, 2016.

        **BELOIN, BROWN & BLUM, LLC**

        /s/ James P. Blum, Jr.
        James P. Blum, Jr.
        Georgia Bar No. 064525
        Co-Counsel for Appellant Georgia Tasman, LLC

2550 Heritage Court, Suite 200
Atlanta, GA 30339
(770) 850-1900

        /s/ Schuyler Elliot
        Schuyler Elliott, Esq.
        Georgia Bar No. 244002
        Co-Counsel for Appellant Georgia Tasman, LLC

The Mecca Building
2024 Beaver Ruin Road
Norcross, Georgia 30071
semecca@aol.com
(770) 209-7999 | Phone
(770) 209-0033 | Fax

## CERTIFICATION OF COMPLIANCE AND SERVICE

I hereby certify: (a) That this document was prepared using the Microsoft Word 2007 word processing program, (b) that the foregoing pleadings has been prepared with 14 point Times New Roman font, contains 5,510 words, and (c) that I have this day served counsel for the opposing party in the foregoing matter with a copy of the **REPLY BRIEF OF APPELLANT** has been served upon the following parties by the ECF system and placing same into the United States Mail with adequate, first class postage placed thereon:

ANDERSEN, TATE & CARR, P.C.
Thomas T. Tate
Robert D. Thomas
Graham K. Brantley
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

This 4th day of January, 2016.

/s/ James P. Blum, Jr.
James P. Blum, Jr.



MEI KUAN CHEN, Plaintiff, v. WELLS FARGO BANK, N.A., et al., Defendants.

CIVIL ACTION FILE NO. 1:13-CV-3037-TWT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

*2014 U.S. Dist. LEXIS 25569*

February 27, 2014, Decided
February 27, 2014, Filed

**COUNSEL:** [*1] For Mei Kuan Chen, Plaintiff: David C. Ates, LEAD ATTORNEY, David Ates, P.C., Atlanta, GA.

For Wells Fargo Bank, N.A., Federal National Mortgage Association, Defendants: Joseph Richard Buller, III, LEAD ATTORNEY, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Atlanta, GA; Scott H. Michalove, LEAD ATTORNEY, Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC, Atlanta, GA.

**JUDGES:** THOMAS W. THRASH, JR., United States District Judge.

**OPINION BY:** THOMAS W. THRASH, JR.

**OPINION**

**OPINION AND ORDER**

This is a wrongful foreclosure case brought against Wells Fargo Bank, N.A. and the Federal National Mortgage Association ("Fannie Mae"). It is before the Court on the Defendants' Motion to Dismiss [Doc. 2]. For the reasons set forth below, the Motion to Dismiss is GRANTED.

**I. Background**

On May 14, 2004, the Plaintiff obtained a residential loan from Y.K.C. Mortgage. (Am. Compl. ¶ 14.) In connection, the Plaintiff executed a promissory note in favor of Y.K.C., and a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Y.K.C. (Am. Compl. ¶ 14.) Shortly after, the Plaintiff was informed that the Defendant Wells Fargo Bank, N.A. was the new servicer of her loan. (Am. Compl. ¶ 14.) The Plaintiff [*2] fell behind on her payments, and on March 17, 2011, she received a Notice of Foreclosure from Wells Fargo. (Am. Compl. ¶ 16.) The foreclosure sale then took place on May 3, 2011. (Am. Compl. ¶ 18.)

The Plaintiff brought suit, asserting two claims for wrongful foreclosure against Wells Fargo Bank, N.A. and the Federal National Mortgage Association ("Fannie Mae"). First, the Plaintiff claims that the Notice of Foreclosure did not satisfy Georgia statutory requirements. Second, the Plaintiff claims that Wells Fargo did not have a right to foreclose because the security deed was invalid. Specifically, the Plaintiff argues that the initial security deed executed in favor of MERS was void because it impermissibly required MERS to act as a corporate fiduciary. The Plaintiff seeks both damages and equitable relief. The Defendants move to dismiss.

**II. Legal Standard**

A complaint should be dismissed under *Rule 12(b)(6)* only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)*; *FED. R. CIV. P. 12(b)(6)*. A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a [*3] plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atlantic v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See *Quality Foods de Centro Ameri-*


EXHIBIT A

Case: 15-14506    Date Filed: 01/04/2016    Page: 14 of 16

Page 2
2014 U.S. Dist. LEXIS 25569, *

ca, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082, 106 S. Ct. 851, 88 L. Ed. 2d 892 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Twombly, 127 S.Ct. at 1964).

"[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1368 (11th Cir. 1997). [*4] However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Id. at 1369.

### III. Discussion

"In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 318 Ga. App. 171, 174, 733 S.E.2d 457 (2012) (internal quotation marks omitted).

The Plaintiff first claims that the Notice of Foreclosure that she received from Wells Fargo did not satisfy Georgia statutory requirements. Under Georgia law, a notice of foreclosure "shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." O.C.G.A. § 44-14-162.2(a). "[T]he statute does not require that notice [*5] letters must identify the security creditor." Carr v. U.S. Bank, NA, 534 Fed. Appx. 878, 881 (11th Cir. 2013). "The only entity that [has] to be identified in the Notice [is] the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or servicing agent." Harris v. Chase Home Fin., LLC, 524 Fed. Appx. 590, 593 (11th Cir. 2013). "Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with OCGA § 44-14-162 et seq., the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." Roylston v. Bank of Am., N.A., 290 Ga. App. 556, 559, 660 S.E.2d 412 (2008). Here, the Plaintiff alleges that the Notice only included the requisite information for Wells Fargo, and that Wells Fargo lacked full authority to negotiate, amend, and modify all terms of her mortgage. However, even assuming that the Plaintiff has sufficiently alleged both a duty and a breach, the Plaintiff's claim fails because she may not receive the relief requested.

The Plaintiff cannot receive damages because she has not sufficiently alleged causation. [*6] "[E]ven where a borrower has established duty and breach of duty, it still needs to show a causal connection between the defective notice and the alleged injury." Heritage Creek Development Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842 (2004); see also Calhoun First Nat. Bank v. Dickens, 264 Ga. 285, 286, 443 S.E.2d 837 (1994) ("The bank's failure to provide proper notice constituted a breach of [a] duty . . . [h]aving established duty and breach, however . . . [the plaintiff] still needed to show a causal connection between the lack of notice and the alleged injury."). The Plaintiff has failed to allege "how the end result would have been different" if she had received a statutorily sufficient notice of foreclosure.[1] Id. at 372. In response, the Plaintiff argues that "the Defendants' argument is predicated on the idea that a borrower's alleged injury - foreclosure - can never be proximately caused by a lender that utterly fails to abide by the notice requirements . . . because foreclosure would be the end result regardless." (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 25-26.) This is incorrect. The Defendants recognize that proximate causation is possible, they merely argue - correctly - that the [*7] Plaintiff has failed to sufficiently allege causation here.

[1] The Plaintiff does not, for example, allege that she would have been able to cure her default, nor does she allege that she would have been able to successfully petition for a loan modification.

Additionally, the Plaintiff's claim for equitable relief fails because she does not allege that she tendered the amount due on her loan. "Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed . . . [she] must pay or tender to the creditor the amount of principal and interest due . . . [n]either fraud nor poverty constitute an equitable excuse for failure to tender." Hill v. Filsoof, 274 Ga. App. 474, 475-76, 618 S.E.2d 12 (2005) (internal quotation marks omitted). The Plaintiff argues that "tender is not required where a completed foreclosure sale is void due to an improper act by a party to the suit." (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 27.) But Georgia courts routinely require plaintiffs to make sufficient tender before they may have a foreclo-

2014 U.S. Dist. LEXIS 25569, *

sure sale set aside due to an alleged defect in the foreclosure process.[2] See, e.g., *Berry v. Government Nat. Mortgage Ass'n*, 231 Ga. 503, 202 S.E.2d 450 (1973) [*8] (rejecting the plaintiff's request to have a foreclosure sale set aside on the basis of improper advertising because she did not "tender the amount due under the security deed and note."); *Massey v. National Homeowners Sales Serv. Corp. of Atlanta*, 225 Ga. 93, 99, 165 S.E.2d 854 (1969) ("In order to set aside the sale on any ground asserted by its pleadings other than the lack of authority to make the deed, or the foreclosure of the deed prior to its due date, it was incumbent on the appellee to make a proper tender of the amount of the debt due."); *Ceasar v. Wells Fargo Bank, N.A.*, 322 Ga. App. 529, 532-33, 744 S.E.2d 369 (2013) ("[P]ayment or tender of the principal and interest due on [a] loan [is] a prerequisite to [a] claim to set aside [a] foreclosure sale . . . [s]ince the Ceasars admittedly fell behind on their mortgage payments, and they did not tender the balance due on their loan, the trial court did not err in dismissing their wrongful foreclosure claim.").

    2  The Plaintiff cites to *Benedict v. Gammon Theological Seminary*, 122 Ga. 412, 50 S.E. 162 (1905) to support her claim. To the extent that the Plaintiff's reading of *Benedict* is accurate, that decision - issued over a century ago - is contradicted by far more recent [*9] authority from Georgia courts.

The Plaintiff then argues that she is not indebted to Wells Fargo. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 27.) This argument is without merit. The Plaintiff concedes that Wells Fargo is the servicer of her loan and thus responsible for receiving payments. (Am. Compl. ¶ 47) ("WELLS FARGO was in all likelihood the servicer on Chen's loan for FNMA."). Accordingly, the Plaintiff's wrongful foreclosure claim for inadequate notice should be dismissed.

The Plaintiff's second claim is that Wells Fargo did not have a right to foreclose. "A claim for wrongful exercise of a power of sale under *OCGA § 23-2-114* can arise when the creditor has no legal right to foreclose." *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 449, 662 S.E.2d 141 (2008). The Plaintiff argues that the initial security deed executed in favor of MERS was void because it required MERS to act as a corporate fiduciary in violation of *O.C.G.A. § 7-1-242(a)*.[3] Consequently, the Plaintiff argues, there was no valid security deed to assign to Wells Fargo. "The Plaintiffs' novel argument has not been accepted by ny other courts." *Dunn v. BAC Home Loan Servs., L.P.*, No. 1:12-CV-1047-TWT, 2013 U.S. Dist. LEXIS 58270, 2013 WL 1755808, at *2 (N.D. Ga. Apr. 23, 2013); [*10] see also *Metellus v. Bank of Am., N.A.*, No. 1:12-CV-1947-CC-GGB, 2012 U.S. Dist. LEXIS 186980, 2012 WL 7763041, at *3 (N.D. Ga. Nov. 2, 2012) ("This identical claim has been repeatedly rejected by this Court.") report and recommendation adopted, No. 1:12-CV-1947-CC-GGB, 2013 U.S. Dist. LEXIS 37483, 2013 WL 1129399 (N.D. Ga. Mar. 19, 2013); *Chester v. Bank of America, N.A.*, No. 1:11-CV-1562-MHS-GGB, 2012 U.S. Dist. LEXIS 189254 (N.D. Ga. Feb. 21, 2012), report and recommendation adopted, No. 1:11-CV-1562-MHS, 2012 U.S. Dist. LEXIS 189253 (N.D. Ga. Mar. 29, 2012). In *Dunn*, this Court explained:

    The Court is not convinced by the Plaintiffs' argument that MERS is an illegal corporate trusteeship. The Plaintiffs rely upon *O.C.G.A. § 7-1-242(b)*, which includes "[a]ccepting or executing trusts or otherwise acting as a trustee" . . . and "[a]dministering . . . possess[ing], purchas[ing], sell[ing], leas[ing], insur[ing], safekeep[ing], manag[ing], or otherwise oversee[ing]" "real or tangible personal property" as conduct constituting acts of a fiduciary. Transferring the rights and interests in a security deed by way of assignment does not fall within the range of activities of a fiduciary contemplated by *O.C.G.A. § 7-1-242*. . . . MERS does not conduct any of the tasks listed in *O.C.G.A. § 7-1-242*. The Plaintiffs [*11] have not identified any courts that state that transferring the rights and interests in a promissory note and security deed constitutes "administer[ing] real or tangible property." The Security Deed identifies MERS as a "nominee." Georgia courts have approved of MERS acting as a conduit for electronic transfers of mortgage loans. See, e.g., *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848 n. 1, 583 S.E.2d 844 (2003).[4]

*Dunn*, 2013 U.S. Dist. LEXIS 58270, 2013 WL 1755808, at *2. Accordingly, the Plaintiff's wrongful foreclosure claim for lack of a right to foreclose should be dismissed.

    3  "The crux of Plaintiff's complaint appears to be that because MERS, under the terms of the Security Deed, acted as a corporate fiduciary but was not registered with the Georgia Department of Banking and Finance as a fiduciary . . . the Security Deed is . . . an illegal contract void ab initio, against Georgia public policy, and MERS correspondingly had nothing to assign to [Wells

Fargo]." *Metellus, 2012 U.S. Dist. LEXIS 186980, 2012 WL 7763041, at *3.*

4  Additionally, the Plaintiff's allegations do not support her argument that an express or resulting trust was created. To establish an express trust, the settlor must intend to create a trust. See *Cronic v. Baker, 284 Ga. 452, 453, 667 S.E.2d 363 (2008);* [*12] *O.C.G.A. § 53-12-20(b)(1).* The Plaintiff never alleges that she had such an intention here. Further, the Plaintiff does not allege that this case presents any of the circumstances under which a resulting trust may be found as per *O.C.G.A. § 53-12-130.*

### IV. Conclusion

For these reasons, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 2].

SO ORDERED, this 27 day of February, 2014.

/s/ Thomas W. Thrash

THOMAS W. THRASH, JR.

United States District Judge